UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

ELAINE WILLIAMS,
                    *Plaintiff-Appellant,*

v.

COMPLETE CARE SERVICES,
INCORPORATED,
                    *Defendant-Appellee,*

and

PLEASANT LIVING CONVALESCENT
CENTER, INCORPORATED,
                    *Defendant.*

No. 01-1092

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Benson E. Legg, District Judge;
Walter E. Black, Jr., Senior District Judge.
(CA-98-4203-B)

Submitted: September 25, 2001

Decided: October 16, 2001

Before NIEMEYER, LUTTIG, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Kieran J. Sharpe, Jr., Washington, D.C., for Appellant. William C.
Sammons, James J. O'Neill, III, TYDINGS & ROSENBERG, L.L.P.,
Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Elaine Williams, an African-American female whose nation of origin is Guyana, sued Complete Care Services, Inc. (CCS), alleging discriminatory treatment on the basis of race and national origin in violation of Title VII of the Civil Rights Act, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 1994 & Supp. 2001), breach of contract, fraudulent misrepresentation, and intentional infliction of emotional distress. Williams appeals the district court's grant of summary judgment to CCS; its grant of motions in limine to CCS concerning certain witness testimony; and its denial of Williams' motion in limine and request for sanctions concerning alleged destruction of evidence. We affirm.

We review an award of summary judgment de novo. *Higgins v. E.I. Dupont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate when there is no genuine issue of material fact, given the parties' burdens of proof at trial. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-49 (1986). In determining whether the moving party has shown that there is no genuine issue of material fact, we assess the factual evidence and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Id.* at 255.

Title VII prohibits discrimination on the basis of race, color, religion, sex, or national origin. To set forth a prima facie case of discrimination based on race and national origin in the absence of direct evidence of discrimination, Williams must prove by a preponderance of the evidence that: (1) she is a member of a protected class; (2) she was qualified for her job and was performing it to CCS' legitimate expectations; (3) in spite of her qualifications and performance, she was fired; and (4) the position remained open to similarly situated qualified applicants after her dismissal. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

CCS offered Williams' unsatisfactory job performance as its legitimate, non-discriminatory reason for its actions. Because Williams failed to produce sufficient evidence that the legitimate reason offered by CCS was pretextual or motivated by discriminatory animus as required by *McDonnell Douglas*, we affirm the dismissal of her discrimination claim.

We further affirm the dismissal of Williams' claims for breach of contract and fraudulent misrepresentation in light of the disclaimers and discretionary provisions regarding performance evaluations and salary increases provided in Williams' offer and employee handbook, as well as the lack of fraud. *See Swinson v. Lords Landing Village Condominium*, 758 A.2d 1008, 1016 (Md. 2000); *Adler v. American Standard Corp.*, 432 A.2d 464, 467 (Md. 1981). We further affirm the dismissal of Williams' claim for intentional infliction of emotional distress based on the lack of extreme and outrageous conduct by CCS. *See Hrehorovich v. Harbor Hosp. Ctr., Inc.*, 614 A.2d 1021, 1034-35 (Md. 1992); *Harris v. Jones*, 380 A.2d 611, 614 (Md. 1977).

We find no abuse of discretion in the district court's gatekeeping decision to exclude the testimony of Williams' human resource and labor relations consultant and nursing care expert, finding the proffered opinions are unreliable. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). We also find no abuse of the trial court's discretion in excluding the testimony of Williams' religious counselor. *See* Fed. R. Civ. P. 37(c)(1).

Finally, we affirm the district court's denial of Wess' motion in limine and for sanctions, requesting an adverse inference for CCS' alleged destruction of employment records because no evidence indicates any notes relevant to Williams existed or were destroyed.

We affirm the orders of the district court granting summary judgment in favor of CCS, granting CCS' motions in limine, and denying Williams' motion in limine and for sanctions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*